**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000129
06-AUG-2015
08:10 AM**

CAAP-13-0000129

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LEIMOMI LESLIE FRESCH, Individually and as
Next Friend for HOWARD K. LESLIE, SR.,
Plaintiffs-Appellees, and HOWARD K. LESLIE, JR.,
Plaintiff-Appellant, v. JEFFREY K. KANUI, as
Personal Representative of the Estate of
Jamie K. Tavares, Deceased, Defendant-Appellee,
and JOHN DOES 1-30; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 97-0448)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant Howard K. Leslie, Jr. (**Leslie Jr.**) appeals from two post-judgment orders entered by the Circuit Court of the First Circuit (**Circuit Court**):[1]  (1) the July 27, 2012 "Order Granting Howard K. Leslie, Sr.'s Motion to Set Aside Order Granting Howard K. Leslie, Jr.'s Motion to Enforce Original Settlement and Denying Alternative Relief From Findings of Fact, Conclusions of Law and Order Entered August 22, 2001, Filed February 18, 2011 and the Final Judgment Against Howard K. Leslie, Sr., Filed on May 18, 2011; Filed Herein on February 13, 2012" (**Order Granting Motion to Set Aside**); and (2) the February 1, 2013 "Order (1) Denying 'Howard K. Leslie, Jr.'s Motion to

---

[1]     The Honorable Rhonda A. Nishimura presided.

Enforce Original Settlement, or, in the Alternative, for Relief from Findings of Fact, Conclusions of Law, and Order Entered August 22, 2001,' Filed on December 9, 2010, as it Pertains to Howard K. Leslie, Sr., and (2) Denying 'Howard K. Leslie, Jr.'s Renewed Motion to Enforce Original Settlement of, in the Alternative, for Relief from Findings of Fact, Conclusions of Law, and Order Entered August 22, 2001,' Filed on November 26, 2012" (**Order Denying the Renewed Motion to Enforce**).

Leslie Jr. raises three points of error on appeal, contending:

(1) The Circuit Court erred in its Order Granting Motion to Set Aside because it did not determine that Plaintiff-Appellee Howard K. Leslie, Sr. (**Leslie Sr.**) filed his Motion to Set Aside within a reasonable time as required by Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b);

(2) The Circuit Court erred in its Order Granting Motion to Set Aside because it did not determine whether Leslie Sr.'s failure to oppose the Motion to Enforce was the result of inexcusable neglect or a willful act; and

(3) The Circuit Court erred in entering the Order Denying the Renewed Motion to Enforce.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Leslie Jr.'s points of error as follows:

(1 & 2) Leslie Sr. brought his Motion to Set Aside pursuant to HRCP Rule 60(b)(1).[2] A motion under this subsection must be brought within a reasonable time, but in any case, no later than one year after the judgment, order, or proceeding was entered. HRCP Rule 60(b). The Motion to Set Aside was filed on *February 13, 2012*, less than a year (roughly five days short of a year) after the entry of the *February 18, 2011* Order Granting

---

[2]     Although Leslie Sr.'s Motion to Set Aside cited HRCP Rule 60(b)(2) and (3) as well, the only argument presented was that the failure to oppose the Motion to Enforce was due to the inadvertence and mistake of Leslie Sr.'s counsel.

Leslie Jr.'s Motion to Enforce and nearly nine months after the May 18, 2011 HRCP Rule 54(b) judgment was entered against Leslie Sr.

Rule 60(b)(1) permits a court to relieve a party from a final judgment or order because of mistake, inadvertence, surprise, or excusable neglect. "A party cannot have relief under 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough." Joaquin v. Joaquin, 5 Haw. App. 435, 443, 698 P.2d 298, 304 (1985) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2858 (1st ed. 1973)) (internal quotation marks and brackets omitted).

Here, Leslie Sr. merely argues that the failure to respond to the Motion to Enforce was due to the inadvertence and mistake of his counsel. During the hearing on the Motion to Set Aside, his counsel elaborated, stating that:

> What happened was this case had been pending for about 10 years, and there are lots of collateral matters that didn't really involve my client directly and so we weren't calendaring everything that came up. We would take a look at the pleadings, send it off to the client, and discuss it with the client and then decide what to do.
> What happened in this particular case is it came in right before I was going on vacation. I sent it off to the client, went on vacation, came back. My secretary had not calendared it. I had forgotten completely all about it. And a few days after the hearing, my client called up and said what happened? And I said what happened when? And I completely spaced out that there was a hearing or there was a motion, and I didn't even recognize the significance of it until afterwards.

This court has recognized that "[t]he weight of authority has not recognized ignorance of the law or carelessness of counsel to be excusable neglect justifying the invocation of relief under HRCP Rule 60(b)(1)." Isemoto Contracting Co., Ltd. v. Andrade, 1 Haw. App. 202, 205, 616 P.2d 1022, 1025 (1980). The conduct of Leslie Sr.'s counsel appears to be the result of mere carelessness, which he did not seek to remedy until nearly a full year after the subject order was entered. We conclude that Leslie Sr.'s failure to oppose the Motion to Enforce was inexcusable neglect which did not warrant relief under HRCP Rule 60(b)(1). Joaquin,

5 Haw. App. at 443, 698 P.2d at 304. Accordingly, we must further conclude that the Circuit Court abused its discretion when it entered the Order Granting Motion to Set Aside.

(3) In light of our conclusion that the Circuit Court erred in setting aside the February 18, 2011 order and May 18, 2011 judgment, Leslie Jr.'s Renewed Motion to Enforce was moot and we need not reach the substance of Leslie Jr.'s final point of error.

For these reasons, the Circuit Court's July 27, 2012 Order Granting Motion to Set Aside is reversed and the Circuit Court's February 1, 2013 Order Denying the Renewed Motion to Enforce is vacated because it is moot.

DATED: Honolulu, Hawai'i, August 6, 2015.

On the briefs:

Frederick W. Rohlfing, III
Michael G. Kozak
(Case Lombardi & Pettit)
for Plaintiff-Appellant

Paul R. Grable
for Plaintiff-Appellee
HOWARD K. LESLIE, SR.

Chief Judge

Associate Judge

Associate Judge